IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL DOCKET CASE#: 1:23-CR-365-VMC-1 |
| SEAN CIRILLO | |

## SENTENCING MEMORANDUM

Comes Now, SEAN CIRILLO, by and through undersigned counsel, and files this Sentencing Memorandum, pursuant to Title 18 U.S.C. § 3553 to assist the Court at Mr. Cirillo's sentencing scheduled for November 7, 2024.

## Background

Mr. Cirillo, a 34-year-old single male, entered a non-negotiated plea of guilty on July 30, 2024, to the single count indictment, charging him with knowingly transmitting a threatening communication of violence in interstate and foreign commerce on November 8, 2023, in violation of 18 U.S.C. §875(c). On November 9, 2023, pursuant to their investigation, FBI agents encountered Mr. Cirillo at his home in Dekalb County. Mr. Cirillo, while admitting to making threatening phone calls, stated that he did so to get law enforcement's attention. A search of Mr. Cirillo's person and

1

residence did not reveal any firearms or weapons nor was there any indication that Mr. Cirillo was going to follow through with his threats. Mr. Cirillo's explanation to the FBI for his behavior is supported by his actions leading up to the charged conduct; the fact that he used his personal phone that was easily traceable, and the fact that he was still at his residence the day after he engaged in this conduct. Mr. Cirillo was completely candid and cooperative with law enforcement officers by providing access and consent to search his residence and made incriminating statements during this encounter. Mr. Cirillo was detained following his arrest on November 9, 2023, but was subsequently released on an unsecured bond on April 4, 2024. To date, Mr. Cirillo has followed all his pretrial release conditions. Mr. Cirillo currently resides in his childhood home in Macon, Georgia with his uncle as his parents are retired residents of Florida. Mr. Cirillo is their only child.

Following his plea of guilty, a Presentence Report (PSR) was prepared, in which an advisory guideline range of 18-24 months was calculated. Mr. Cirillo submits that the recommended term of imprisonment as calculated in the presentence report does not seem reasonable or rational under the facts and circumstances of his case. Based on Mr. Cirillo's history and

characteristics, his longstanding documented mental health issues and lack of a serious criminal record, Mr. Cirillo requests that this Honorable Court sentence him to a period of time-served based on his five months of incarceration prior to his release on bond.

For the reasons set forth below, Mr. Cirillo submits that such a sentence is more reasonable when considering the sentencing factors set forth in 18 U.S.C. § 3553(a) and provide not only a penological but also a deterrent effect.

## <u>ARGUMENT AND AUTHORITY</u>

1.    <u>Reasonable Sentence Pursuant to 18 U.S.C. §3553(a)</u>.

In *Rita v. United States*, 551 U.S. 338, 127 S.Ct. 2456 (2007), the Supreme Court made it clear that there is no presumption of reasonableness of a within the guideline range sentence by a sentencing court, as opposed to an appellate court. Instead, the sentencing court <u>must</u> appropriately apply the § 3553 factors.

The effect of *Booker* and *Rita* is that federal district courts must consider the seven factors set forth by § 3553(a) in determining a sentence:

(1)    the nature and circumstances of the offense and the history and characteristics of the defendant.

(2)    the need for the sentence imposed-

(A)     to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.

(B)    to afford adequate deterrence to criminal conduct.

(C)    to protect the public from further crimes of the defendant; and

(D)    to provide the defendant with needed educational or vocational    training, medical care, or other correctional treatment in the most effective manner.

(3)    the kinds of sentences available.

(4)     [the applicable Sentencing Guidelines].

(5)     any pertinent [Sentencing Guidelines] policy statement.

(6)     the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)     the need to provide restitution to any victim of the offense.

Section 3553(a) embodies the "parsimony principle," which requires a district court to "assign a sentence 'sufficient, but not greater than necessary to comply with the purpose' of sentencing" set forth in § 3553(a)(2). *United States v. Lacy*, 99 F.Supp. 369, 378 (E.D.N.Y. 1994) ("parsimony" is a "key provision" of § 3553(a)), *vacated on other grounds*, *United States v. DeRiggi*, 45 F.3d 713 (2d Cir. 1995); *see also generally* ABA STANDARDS OF CRIMINAL JUSTICE § 18-2.4 (sentences "imposed, taking into account the gravity of the offense, should be no more than necessary to achieve the social purposes for which they are authorized").  Sentencing under § 3553(a) therefore requires the Court to start with the minimum sentence permissible and add only so much additional punishment, if any, as necessary to comply with § 3553(a)'s purposes.

In applying the parsimony principle, courts are required to consider each of the factors listed in § 3553. As noted above, however, the guideline range is only one of the many factors that the Court is required to consider under *Booker.*

In the instant case, the history and characteristics of Mr. Cirillo as detailed in Dr. Hall's psychological evaluation report attached hereto as **"Exhibit A",** support a reasonable sentence of time served. Mr. Cirillo was born in Macon, Georgia and raised by his biological parents. Mr. Cirillo is an only child. Mr. Cirillo's father is a retired doctor of internal medicine and his mother, a retired homemaker. Mr. Cirillo has always enjoyed the love and support of his parents. During his middle school years, Mr. Cirillo's father became concerned about his son's isolation and so he had him evaluated for Asperger's disorder. While Mr. Cirillo continued to exhibit signs of isolation and other undiagnosed mental health issues, he was able to successfully complete college, earning a bachelor's degree in mathematics from The University of Georgia in 2015. Mr. Cirillo subsequently enrolled in Wake Forest University in 2016 to pursue a master's degree in mathematics. However, Mr. Cirillo withdrew form Wake Forest after a year as his mental

health continued to deteriorate. Mr. Cirillo received mental health treatment while a student at UGA and was prescribed anti-depressants as well as medication for ADHD. Since withdrawing from school, Mr. Cirillo secured some part-time employment with his most recent employment as a contract data engineer with Home Depot. Mr. Cirillo worked from home during this brief period of employment.

Mr. Cirillo's father confirmed that leading up to the charged conduct, his son's behavior was concerning as he exhibited signs of extreme paranoia. This is evidenced by the numerous 911 calls that Mr. Cirillo made from October through November of 2023 based on his paranoid belief that he was being followed by the police. Mr. Cirillo's paranoia ultimately culminated in the charged conduct. Additional pertinent information detailing Mr. Cirillo's life, his mental health diagnosis and prognosis is detailed in **"Exhibit A".**

Additionally, it should be noted that Mr. Cirillo's criminal record consists of two DUI's one of which occurred fourteen years ago, and his successful completion of a probationary sentence for a second offense occurring in 2018. His exemplary behavior on federal pretrial release for the past six months along with compliance with his mental health treatment,

indicate that he would be a good candidate for a non-custodial sentence. A further period of incarceration would undermine the progress that Mr. Cirillo has made as he continues to live a law-abiding life. While the factors presented in this sentencing memorandum and Dr. Hall's evaluation are not an attempt to justify Mr. Cirillo's criminal conduct, but rather are mitigating factors for this Court to consider in determining a reasonable sentence under the facts and circumstances of this case. Considering Mr. Cirillo's history and characteristics, his mental health history and diagnosis, his lack of a serious criminal record, and his post-arrest conduct, a sentence of time served is reasonable under these circumstances.

Such a sentence would afford Mr. Cirillo the opportunity to continue the mental health treatment he obviously needs and to remain a law-abiding citizen of society as demonstrated since his release. By all accounts, Mr. Cirillo has been a model pretrial probationer. Mr. Cirillo is also extremely remorseful and ashamed of his criminal conduct and recognizes that failure to comply with his treatment as prescribed would be to his detriment.

Based on the factors set forth in § 3553(a), notably Mr. Cirillo's personal history and characteristics; his longstanding mental health history; his lack

of a serious criminal record and his post-arrest conduct, a sentence of time served is adequate to punish Mr. Cirillo for his criminal conduct, so that he could continue his life as a productive, law-abiding citizen.

## Conclusion

Mr. Cirillo respectfully requests based on the above that this Honorable Court impose the most reasonable and just sentence under the facts and circumstances of this case – a sentence of time served.

Dated:  This 4th day of November 2024.

Respectfully submitted,

*Allison C. Dawson*
Georgia State Bar No. 171940
Attorney for SEAN CIRILLO

Federal Defender Program, Inc.
Suite 1500, Centennial Tower
101 Marietta Street, N.W.
Atlanta, Georgia 30303
(404) 688-7530
allison_dawson@fd.org